United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DONNA K. MARKS, AND DAVID W. SCHUSTER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-4941** |
| | § | |
| **DEFENDANTS DATA MORTGAGE INC. D/B/A ESSEX MORTGAGE, ESSEX EQUITY, INC., *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

This case was removed to this Court on June 22, 2026. (ECF No. 1). On July 5, 2026, the Court entered an order setting an initial scheduling conference for September 22, 2026, and directed the parties to confer and file a joint discovery/case management plan as required by Federal Rule of Civil Procedure 26(f). (ECF Nos. 3, 5). On September 17, 2026, Defendants filed a discovery case management plan and proposed docket control order. (ECF No. 11). Defendants noted that they attempted via phone and email to confer with *pro se* Plaintiffs Donna K. Marks and David W. Schuster; however, Plaintiffs were unresponsive. (*Id.* at 1).

Plaintiffs also failed to appear at the September 22, 2026 initial scheduling conference. The Court warned that failure to comply with the

Court's order may result in sanctions, including dismissal of the action and assessment of expenses. (ECF No. 3 at 4). On September 22, 2026, the Court ordered Plaintiffs to show cause within ten days as to why they failed to appear at the initial scheduling conference and failed to comply with the Court's Order to participate in the joint discovery case management plan. (ECF No. 12). The Court warned Plaintiffs that if they failed to file an explanation on the docket, the Court would recommend the case be dismissed. (*Id.*).

Federal Rule of Civil Procedure ("Rule") 16(f) allows for the Court to issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order. These orders may include dismissing the action or proceeding in whole or in part. FED. R. CIV. P. 37(b)(2)(A)(v). Rule 41(b) also allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Here, the Court should dismiss this action under Rules 16 and 41(b). Plaintiffs have failed to comply with a Court order directing they to show cause for their failure to comply with Court orders. By failing to comply with the Court's orders, Plaintiffs have prevented this action from proceeding. The

Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* **DISMISS** this action without prejudice. *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL 9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*, No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 5, 2026.

Richard W. Bennett
United States Magistrate Judge